UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIONE J. ADDERLY,

    Plaintiff,

v.                                   Case No: 2:20-cv-184-FtM-38NPM

VINCENT NORIEGA, KEVIN ASHLEY and JULIAN MONTALVO,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendants Vincent Noriega, Kevin Ashley and Julian Montalvo's Motion to Dismiss Plaintiff's Complaint (Doc. 35).

This is a civil rights case. In his Second Amended Complaint, Elione Adderly—a prisoner of the Florida Department of Corrections (FDOC)—claims Defendants violated his First and Eighth Amendment rights by attacking him in retaliation for filing a grievance against former defendant Barbara Peer.[2] Defendants—all current or former officers at Charlotte Correctional Institution—move to dismiss, arguing (1) Adderly fails to state a First

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Adderly voluntarily dismissed his claims against Peer. (Doc. 39).

Amendment retaliation claim, (2) Eleventh Amendment immunity bars this action against Defendants in their official capacity, and (3) Adderly is not entitled to monetary relief.

## Background

The Court recounts the factual background as pled in Adderly's Second Amended Complaint, which it must take as true to decide whether the Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp., 695 F.3d 1194, 1198-99 (11th Cir. 2012).* On November 4, 2019, just after removing Adderly from his cell in hand restraints, Ashley bent Adderly's hands and fingers. When Adderly resisted, Ashley summoned Montalvo, Noriega, and former defendant Dubrey.[3] Montalvo grabbed Adderly's arm and turned him towards Peer, who shook her head and pointed at Adderly. Adderly interpreted Peer's gestures as an instruction to attack him in retaliation for a grievance Adderly had filed against her. The officers pushed Adderly against the wall and beat him. Adderly's back, right arm, and thumb were injured in the attack, and he received medical care for his back. Adderly seeks compensatory and punitive damages from Defendants.

---

[3] The Court dismissed Dubrey from this case because Adderly failed to provide an address where he could be served in accordance with Federal Rule of Civil Procedure 4. (Doc. 44).

**Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Adderly files his Second Amended Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872

(11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

## Discussion

Defendants first argue Adderly failed to state a First Amendment retaliation claim. The Eleventh Circuit succinctly summarized the relevant law as follows:

> Prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. An inmate raises a constitutional claim of retaliation if he established that the prison disciplined him for filing a grievance or lawsuit concerning the conditions of his imprisonment. To establish a claim for retaliation, the inmate must show a causal connection between his protected conduct and the harm complained of.

*Smith v. Fla. Dep't of Corr.*, 318 F. App'x 726, 728 (11th Cir. 2008) (internal citations omitted).

Defendants argue Adderly failed to plead a causal connection. The Court agrees. At this stage of the case, the Court must make all reasonable inferences in Adderly's favor. But a mere gesture by Peer is not enough to support an inference that the attack was motivated by Adderly's grievance. The Court thus finds that Adderly fails to plausibly plead the requisite causation, and the Court dismisses the First Amendment retaliation claim.

Defendants ignore that Adderly also brings his case under the Eighth Amendment. The pleading failure that sinks Adderly's First Amendment claim does not affect his Eighth Amendment claim. Because the beating Adderly alleges can be considered cruel and unusual punishment, the Court does not dismiss the Second Amended Complaint in its entirety.

Defendants next argue Eleventh Amendment immunity bars Adderly from suing them in their official capacities. Eleventh Amendment sovereign immunity bars citizens from suing a state unless sovereign immunity is waived by the state or abrogated by Congress. *Attwood v. Clemons*, 818 F. App'x 863, 866 (11th Cir. 2020). The bar protects state officials sued in their official capacities but not their individual capacities. *Melton v. Abston*, 841 F.3d 1207, 1234-35 (11th Cir. 2016). The Second Amended Complaint does not state whether Adderly sues Defendants in their individual capacities, official capacities, or both. His request for punitive damages suggests this is an individual-capacity suit. *See Adams v. Franklin*, 111 F. Supp. 2d 1255, 1262 (11th Cir. 2000) ("Because Plaintiff may not obtain punitive damages from Defendants in their official capacities, the logical inference is that Plaintiff seeks punitive damages in their individual capacities."). But to avoid any future confusion, the Court will dismiss Adderly's claims to the extent he seeks official-capacity liability.

Finally, Defendants argue that Adderly cannot seek monetary damages because he has only alleged *de minimis* physical injuries. The Prison Litigation Reform Act (PLRA) states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a proper showing of physical injury…" 42 U.S.C. § 1997e(e). The purpose of this requirement is "to curtail frivolous and abusive prisoner litigation about the routine discomforts of confinement." *Thompson v. Smith*, 805 F. App'x 893, 901 (11th Cir. 2020) (cleaned up). But the injury need not be severe, and injuries can be more than *de minimis* even if they do not require professional medical attention. *Id.* at 904.

Here is how Adderly describes the attack: after pushing Adderly against the wall,

> Defendant Ashley started to elbow [Adderly] in the back and side of his neck while defendant Montalvo banged his head against the wall. Defendant Ashley was also kneeing [Adderly] in his legs…Defendant Montalvo squeezed the hand restraints tightly around [Adderly]'s wrist bending his right wrist and thumb…[Noriega] also banged [Adderly]'s head against the wall…Dubrey and Montalvo grabbed [Adderly] by both arm and shoulders bending them behind his back carrying him out of the wing.

(Doc. 9 at 7). As a result, Adderly "was seen by medical for the back injury he sustained" and he "suffers injuries to his back and right arm/thumb[.]" (Doc. 9 at 7-8).

The Court finds Adderly's allegations sufficient to plausibly state he suffered more than *de minimis* injuries, particularly because—making all reasonable inference in Adderly's favor—the attack was unjustified.  *See Thompson v. Smith,* 805 F. App'x 893, 905 (11th Cir. 2020) ("being pepper sprayed sadistically and without penological justification is not a routine discomfort of confinement").  The Second Amendment Complaint thus justifies a claim for monetary damages.

Accordingly, it is now **ORDERED:**

Defendants Vincent Noriega, Kevin Ashley and Julian Montalvo's Motion to Dismiss Plaintiff's Complaint (Doc. 35) is **GRANTED in part and DENIED in part**.

(1) Adderly's First Amendment retaliation claim is **DISMISSED**.

(2) The Second Amended Complaint is **DISMISSED** to the extent it sues Defendants in their official capacity.

(3) The Motion to Dismiss is otherwise **DENIED**.

(4) Defendants' answers to the Second Amended Complaint are due **February 11, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 28, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record